UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **MATTHEW THEISEN, et. al.** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:13-CV-00032-CDP |
| ) | |
| **STODDARD COUNTY,** ) | |
| **et. al.**, ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT MISSOURI STATE HIGHWAY PATROL'S MOTION TO DISMISS**

Defendant Missouri State Highway Patrol submits the following memorandum in support of its Motion to Dismiss.

**I.   Introduction**

Plaintiffs Matthew Theisen, Michael Theisen, Gerald Theisen and Barbara Theisen ("Plaintiffs") filed an Amended Complaint ("Complaint") against Defendants Greg Mathis, Keith Schafer, Larry Gulley, Carl Hefner, Tommy Horton, Justin Caldwell and Keith Haynes in their individual and official capacities and Stoddard County, Stoddard County Sheriff's Office, Stoddard County Commission, Bloomfield Police Department, Missouri State Police and the Missouri Department of Mental Health. Plaintiffs allege claims in eighteen separate counts. Of those counts, only Counts 2-6 and 9-12 are made against Defendant Missouri State Highway Patrol ("MSHP").

1

Plaintiffs allege that Plaintiffs Matthew and Michael were subjected to physical and sexual assaults while being held at a Stoddard County Jail facility. [Doc. 4, ¶16]. In their Complaint, Plaintiffs assert that "one unidentified Missouri State Trooper" was "possibly" "present" during the alleged assaults. [*Id.*]. Plaintiffs' Complaint contains no other allegations regarding Defendant MSHP or any of its employees.

Defendant MSHP brings this motion to dismiss as Plaintiffs have failed to plead sufficient facts to support any claims against Defendant MSHP.

## II.   Standard of Review

### a.   Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant

has acted unlawfully. *Id*. This standard requires more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*.

### III. Discussion

#### 1. Plaintiffs have failed to allege any facts establishing any claims against Defendant MHSP.

#### a. Counts 2 through 6.

In Counts 2 through 6, Plaintiffs assert a variety of claims pursuant to 42 U.S.C. §1983. In order to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations describing the conduct or the failure to act that allegedly violated the plaintiff's federal constitutional rights. *Pitts v. City of Cuba*, 2012 WL 6626647, *11 (E.D. Mo. Dec. 19, 2012). Specific factual allegations are necessary so that defendants are able to properly determine what immunity defenses may be available. *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005).

In this case, Plaintiffs provide only a single factual allegation related to Defendant MSHP. Specifically, Plaintiffs allege that "one unidentified Missouri State Trooper" was "possibly" "present during" the physical and sexual assaults of Matthew and Michael Theisen. [Doc 4, ¶16]. Nowhere else in Plaintiffs' Complaint are there any other specific allegations of the conduct of Defendant MSHP in relation to Plaintiffs. While Plaintiffs are not required to plead every fact in support of their claim, they are required to provide

3

some specific information. *Iqbal*, 556 U.S. at 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiffs have provided no specific factual allegations describing the conduct or the failure to act by Defendant MSHP that allegedly violated their federal constitutional rights, and accordingly Counts 2 through 6 of Plaintiffs' Complaint should be dismissed.

### b. Counts 9 though 12.

In Counts 9 through 12, Plaintiffs assert several Missouri state law tort claims. In support of any type of cause of action, a plaintiff is required to plead more than a mere "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. This tenet is especially true in cases involving government entities given the potential application of an immunity defense. *Id*. at 685.

Plaintiffs' single allegation regarding the conduct of Defendant MSHP fails to provide any more than an unadorned accusation that Plaintiffs were harmed by Defendant MSHP in some unspecified way. Further, the "threadbare recital" of the elements of each Missouri state law tort claim contained within Plaintiff's Complaint fails to provide any more than a mere "possibility" that Defendant MSHP may be liable. *Id*. ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops

4

short of the line between possibility and plausibility."). At best, Plaintiffs have alleged that an agent of Defendant MSHP was "possibly" present at a location. How such a "possible" presence would create duties or constitute intentional acts or failures to act sufficient to establish tort liability is wholly absent from Plaintiffs' Complaint. The allegations against Defendant MSHP fail to provide any substantive information and thus provide only the sheer possibility of liability. The United States Supreme Court has clearly stated that such unadorned labels and conclusions are insufficient to state a claim. *Iqbal*, 556 U.S. at 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' "). Therefore, Counts 9 through 12 of Plaintiffs' Complaint should be dismissed as Plaintiffs have failed to allege any facts establishing the liability of Defendant MSHP.

## IV.   Conclusion

Based on the foregoing, Defendant Missouri State Highway Patrol respectfully requests this Court issue its order and judgment dismissing Plaintiff's Amended Complaint for failure to state a claim; and for such further relief as the court deems just and proper.

5

Respectfully submitted,

**CHRIS KOSTER**
Attorney General


*/s/ Philip Sholtz*
Philip Sholtz, # 57375
Assistant Attorney General
P.O. Box 861
St. Louis, Missouri 63188
(314)340-7861
Fax: (314)340-7029
Philip.Sholtz@ago.mo.gov

*Attorneys for Defendant Missouri State Highway Patrol*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26th, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties.

*/s/ Philip Sholtz*
Assistant Attorney General

6