UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

MATTHEW THEISEN, et al.,           )
                                   )
          Plaintiffs,              )
                                   )
     vs.                           )          Case No. 1:13CV32 CDP
                                   )
STODDARD COUNTY, et al.,           )
                                   )
          Defendants.              )

## MEMORANDUM AND ORDER

The four plaintiffs in this case are related.  Plaintiffs Matthew and Michael

Theisen are twin brothers.  They are joined in this action by their parents, Barbara

and Gerald Theisen, who are currently designated in the complaint as their sons'

personal representatives.  The Theisens have sued Stoddard County, other state and

county departments, Stoddard County Commissioner Greg Mathis, and individual

employees of the Stoddard County Sheriff's Office, for alleged violations of 42

U.S.C. § 1983 and Missouri state common law.

### *Factual Background*[1]

The Theisens' claims stem from their alleged detention and assault at the

Stoddard County Jail in Bloomfield, Missouri.  The Theisen brothers are both

members of the United States Army classified as absent without leave.  On June

---

[1] The following facts are taken from the amended complaint and are considered as true for the purpose of this Memorandum and Opinion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

15, 2011, they were en route from Fort Leonard Wood, Missouri to Fort Campbell, Kentucky when they had car trouble in Stoddard County.  While attempting to contact family from a Wal-Mart parking lot, the Theisen brothers were arrested for damaging a parked car with a shopping cart.  They were detained, charged with first-degree property damage, taken to a local police department, and questioned by police.  That same day, they were transported to Stoddard County Jail.  Their car keys were taken and not returned to the Theisen parents for several months.  Matthew's wallet, along with some cash and other contents of Michael's wallet, were taken and have not been returned.

Plaintiffs allege that, at some point during that day, defendant Larry Gulley, Stoddard County jailor, told Matthew and Michael Theisen he would rape and kill them.  He began preparing to rape Matthew Theisen, who tried to defend himself.  A struggle ensued, and inmates Chad Williamson and Mike Walker – who were not confined to cells at the time – joined Gulley in attacking Matthew and Michael Theisen.  Michael was choked, rendered unconscious, and confined to a jail cell, while Matthew was raped by multiple individuals, including defendant Gulley, inmates Walker and Williamson, and others.  Matthew was also assaulted with a Taser.

Other defendants, including Sheriff's Office employees Tommy Horton, Justin Caldwell, Keith Haynes, and possibly Carl Hefner, as well as an unidentified

– 2 –

Missouri State Trooper and other unidentified individuals, were allegedly present during the attacks.  These defendants deliberately refused to take action and denied medical treatment to the Theisen brothers despite their repeated requests.  The attacks ended shortly after midnight on the day the Theisens arrived at Stoddard County Jail.  Afterward, defendant Caldwell prepared a report charging the Theisen brothers with additional crimes, including assault on a law enforcement officer.

The Theisen brothers were then held at Stoddard County Jail without a hearing for almost one year, until May 29, 2012.  At some point, they were informed they did not qualify for a public defender, so their father retained an attorney on their behalf.  Without input from the Theisen brothers or their parents, the attorney requested that the court deem the brothers mentally incompetent, though they had no competency issues before the attacks at the Stoddard County Jail.  On May 30, 2012, the Theisen brothers were transferred to the custody of the Missouri Department of Mental Health and confined to Fulton State Hospital.

### *Claims*[2]

Based on the events described above, the Theisens have brought seventeen counts[3] against the defendants, relying on 42 U.S.C. § 1983 and Missouri state

---

[2]  From the complaint in its current form, it is not clear which of the claims is brought against which defendants.  As described *infra*, the plaintiffs will be ordered to file another amended complaint clarifying their allegations.

common law.  The Theisens allege that some or all of the defendants have violated their rights under the Sixth, Eighth, and Fourteenth Amendments by, among other things, denying them their right to an attorney; subjecting them to cruel and unusual punishment and excessive force; exercising deliberate indifference to their health and safety; and failing to provide them with due process.  They also allege that defendants have violated Missouri state common law prohibitions against conversion, negligence, battery, intentional and negligent infliction of emotional distress, defamation, and abuse of process.

### *Motions Currently Before the Court*

This action is now before me on six separate motions.  Defendants Caldwell, Gulley, Haynes, Hefner, Horton, Mathis and Stoddard County have joined in a motion for a more definite statement, under Rule 12(e), Fed. R. Civ. P.  These defendants have also moved to dismiss claims by Barbara Theisen and Gerald Theisen, arguing that the parents have not demonstrated that they have been duly appointed as their sons' personal representatives.  The Theisens oppose the motions, but they have also addressed some of the defendants' concerns by filing a motion to amend their complaint to allow the parents to be designated as next friends.

---

[3]  Though the counts are numbered one through eighteen, there is no Count Sixteen.

In addition, three other defendants – the Stoddard County Sheriff's Office, the Stoddard County Commission, and the Bloomfield Police Department – have moved to dismiss the claims against them, arguing they are not entities that may be sued.  Defendant Missouri State Highway Patrol[4] has filed a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., arguing that plaintiffs' complaint fails to state a claim against it.

After careful consideration, I will grant the defendants' motion for a more definite statement.   I will deny without prejudice the defendants' motion to dismiss the claims of Barbara and Gerald Theisen and the Theisens' motion to amend their complaint to change the parents' designation, for the reasons described below.

I will grant the motions to dismiss by the Stoddard County Sheriff's Office, the Stoddard County Commission, and the Bloomfield Police Department because they are not capable of being sued.  I will deny the Missouri State Highway Patrol's motion to dismiss for failure to state a claim.

**A.**     **Defendants' Motion for More Definite Statement**

Fed. R. Civ. P. 12(e) allows a party to make a motion for more definite statement if a pleading is so vague or ambiguous that the party cannot reasonably prepare a response.  A motion under Rule 12(e) should address the unintelligibility

---

[4]  Missouri State Highway Patrol is listed as defendant "Missouri State Police."

of a pleading rather than want of detail.  Because a motion for more definite statement is not a substitute for discovery, one cannot use it to test a case or require the pleader to allege certain facts or retreat from certain allegations.  *Tinder v. Lewis Cnty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 960 (E.D. Mo. 2001); Fed. R. Civ. P. 8(a)(2) (requiring only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief").  When, however, a "pleading fails to specify the allegations in a manner that provides sufficient notice," a defendant can move for a more definite statement under Rule 12(e) before responding.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

The Theisens' amended complaint does not make clear which defendants are being sued for which claims.  When describing each claim, the Theisens allege that "the Defendants" have violated their rights and, sometimes, that certain institutional defendants are liable under the doctrine of *respondeat superior*.  It is unclear whether the claims are limited to those institutional defendants or whether they are asserted against all the defendants.  Each defendant is entitled to know what claims are being asserted against it from a reading of the complaint.  As currently alleged, the amended complaint does not sufficiently apprise each defendant of the claims brought against it.

There is no lack of detail in the Theisens' complaint.  The notice-pleading standard set out in the Federal Rules of Civil Procedure does not generally require

great detail or a recitation of all potentially relevant facts in order to put the defendants on notice of plausible claims against them.  *See Hamilton v. Palm*, 621 F.3d 816, 821 (8th Cir. 2010).  But, the complaint must set out, in numbered paragraphs, the specific facts supporting each claim.  The complaint here contains more than ten pages of details about the alleged detention and assault the Theisen brothers allegedly endured.  These details are not set forth in separately numbered paragraphs "limited as far as practicable to a single set of circumstances," as required by Fed. R. Civ. P. 10(b), and more importantly, these details are not tied to any particular claim against any particular defendant.

In its current form, the complaint does not meet the notice-pleading standard because it does not notify the defendants of the claims against each of them. Therefore, I will grant the defendants' motion for a more definite statement.  The Theisens are ordered to file a second amended complaint that adheres to the Federal Rules of Civil Procedure, especially Rules 8 and 10.  The Theisens shall set forth their factual allegations in numbered paragraphs.  Under the heading for each claim, they shall list the defendants alleged to be liable and list, in numbered paragraphs, the specific facts that form the basis for that claim against each defendant.  The Theisens do not need to file a motion for leave to file their proposed amended complaint.

**B.  Defendants' Motion to Dismiss Claims by Barbara and Gerald Theisen and Plaintiffs' Motion to Amend the Complaint**

In a motion to dismiss the claims of Barbara and Gerald Theisen (Parents), the defendants take issue with the Parents' designation as their sons' personal representatives. The defendants argue that the plaintiffs have not alleged that Michael and Matthew Theisen are incompetent and in need of representatives, nor have the plaintiffs shown that the Parents have been duly appointed as their sons' representatives.

In a separate motion to amend their complaint, the plaintiffs implicitly admit the Parents have not been appointed as representatives. But they argue that Matthew and Michael Theisen have been deemed incompetent in Missouri state court, so they are in need of representatives. As such, the plaintiffs have moved to amend their complaint in order to change the Parents' designation to "next friends," in accordance with Rule 17(c), Fed. R. Civ. P.

Rule 17(c) permits an incompetent person who does not have a duly appointed representative to sue by next friend. The rule directs a court to appoint a guardian ad litem for an incompetent person not otherwise represented or to "issue another appropriate order" to protect an incompetent person. Whether or not an incompetent person has the capacity to sue and be sued is governed by the law of that person's domicile. Rule 17(b)(1), Fed. R. Civ. P.; *compare also Williams v. Pyles*, 363 S.W.2d 675, 678 (Mo. 1963) *with Love's Ex'r v. Stoker*, 128 S.W.2d 922, 925 (Ky. 1939).

– 8 –

At this stage in the case, I do not have enough information to know where Matthew and Michael Theisen are domiciled; whether they have duly appointed representatives; whether they are in need of next friends; or whether the Parents would be suitable next friends. The plaintiffs have not filed a motion for appointment of next friend explaining why the Theisen brothers cannot prosecute the case on their own behalf or why the Parents are truly dedicated to the best interests of their sons. *See Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990); *see also* Mo. Rev. Stat. § 475.078; Mo. Sup. Ct. Rule 52.02(k).

Therefore, I will deny without prejudice the Theisens' motion to amend their complaint to change the Parents' designation to "next friends." Along with the second amended complaint that the Theisens file in accordance with this Order, if Parents believe they should be appointed next friends, they must file a motion for appointment of next friend, accompanied by supporting affidavits and any other appropriate evidence. As long as the motion is accompanied by proper support, the Theisens may change the Parents' designation to "next friends" on the new amended complaint.[5] As explained above, the Theisens need not file a motion for leave to file their proposed amended complaint. In light of my ruling, I will also deny without prejudice the defendants' motion to dismiss the Parents' claims.

---

[5] The Theisens are cautioned that *either* a next friend *or* a person in his or her individual capacity brings an action, not both.

– 9 –

### C.   Motions to Dismiss Claims Against Stoddard County Sheriff's Office, Stoddard County Commission, and Bloomfield Police Department

Section 1983 prohibits any person from acting under the color of law to deprive another of a constitutional right.  Precedent makes clear that municipalities are "persons" capable of being sued under Section 1983.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  However, divisions and departments of municipalities are not usually subject to suit under Section 1983.  *See, e.g., Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992).  Under Missouri law, which applies to this aspect of the case under Fed. R. Civ. P. 17(b)(3), municipal departments are only capable of being sued if a state statute gives them legal capacity.  *See Catlett v. Jefferson Cnty.*, 299 F. Supp. 2d 967, 968–69 (E.D. Mo. 2004) (citing *Am. Fire Alarm Co. v. Bd. of Police Comm'rs of Kansas City*, 227 S.W. 114, 116 (Mo. 1920)).

Here, defendants Stoddard County Sheriff's Office, Stoddard County Commission, and Bloomfield Police Department argue that they should be dismissed because they are not suable entities.  I agree.  These entities have not been given the authority to sue and be sued by Missouri statute.  State and federal case law demonstrates that these three defendants are "simply departments or subdivisions" of larger governmental bodies – namely, the City of Bloomfield and Stoddard County.  *See Pitts v. City of Cuba*, 4:10CV274 ERW, 2011 WL 53076, at *16 (E.D. Mo. Jan. 7, 2011) (city police department not suable under Section

– 10 –

1983); *see also Purcell v. Cape Girardeau Cnty. Comm'n*, 2009 WL 2145478, at

*4 (Mo. Ct. App. July 21, 2009) (county commission was not suable entity),

*transferred and aff'd on other grounds by* 322 S.W.3d 522 (Mo. banc 2010); *White*

*v. Camden Cnty. Sheriff's Dep't*, 106 S.W.3d 626, 630–31 (Mo. Ct. App. 2003)

(county sheriff's department was not suable entity).  The Theisens have, in fact,

sued Stoddard County, which is a suable entity.  The county did not join in this

motion to dismiss.

Because they are not suable entities, Stoddard County Sheriff's Office,

Stoddard County Commission, and Bloomfield Police Department will be

dismissed as defendants in this case.

## D.    Defendant Missouri Highway Patrol's Motion to Dismiss Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., a

plaintiff must plead enough facts, accepted as true, to allow the court to draw a

reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Theisens have alleged that "one unidentified Missouri State Trooper in a

blue-gray uniform with a round drill sergeant type hat" was present during the

physical and sexual assaults they endured at the Stoddard County Jail.  (Am.

Compl., ¶ 16.)   The Theisens allege that this unidentified Trooper, along with the

other defendants, knew that the assaults were going on; "deliberately refused to

– 11 –

take any action to prevent further injury" to Matthew and Michael Theisen; and knew or should have known they needed medical attention but refused to allow them to receive treatment despite repeated requests. (*Id.*)

Based on these allegations, the Theisens have asserted nine claims against the Missouri State Highway Patrol, which they contend is liable through the doctrine of *respondeat superior*, for the acts of the unidentified Trooper. They allege that MSHP should be liable for the Trooper's violations of the Eighth Amendment prohibitions on cruel and unusual punishment (Count 2), deliberate indifference (Count 3), and excessive force (Count 6); and for violations of the due process protected by the Fourteenth Amendment (Counts 4 and 5). The Theisens also allege MSHP is liable for its agent's commission of Missouri common law torts, including battery (Count 9), intentional and negligent infliction of emotional distress (Counts 10 and 11), and negligence (Count 12).

Relying on Rule 12(b)(6), MSHP has moved to dismiss these claims against it. To support its argument, MSHP argues that the Theisens have only alleged that the unidentified Trooper was "possibly" present, which MSHP contends fails to meet the *Iqbal* plausibility requirement. I disagree. Though not artfully stated, Paragraph 16 of the amended complaint suggests that it was a different defendant who was possibly present; it appears to me that the unidentified Trooper was

– 12 –

alleged to have been present.  Taking the facts alleged as true, I find the Theisens have set forth plausible claims against the unidentified Trooper.

However, the plaintiffs have not sued the unidentified Trooper.  Instead, they have alleged that MSHP is liable for the acts of the Trooper through the doctrine of *respondeat superior*.  MSHP has not raised this as grounds for dismissal, and I will deny its motion to dismiss on the grounds it has raised. Nonetheless, the Theisens are advised that the doctrine of *respondeat superior* is inapplicable to causes of action brought under Section 1983.  *Cotton v. Hutto*, 577 F.2d 453, 455 (8th Cir. 1978); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights.").

### *Timeliness and Service Issues*

So far, the plaintiffs have failed to comply with many of the procedural rules of this court.  In addition to failing to file a proper motion for appointment of next friend, the plaintiffs filed each of their responses to the defendants' motions out of time.  In the interests of justice, I have considered the untimely responses, but plaintiffs' counsel is reminded to consult the Federal Rules of Civil Procedure and the local rules of this court regarding deadlines.

In addition, two of the defendants – the Missouri Department of Mental Health and its director, Keith Schafer – have not yet been served.  The plaintiffs

filed their initial complaint on February 19, 2013, so service was due on or before June 19, 2013.  In its current form, the complaint does not include any factual allegations against MDMH or Schafer.  If the plaintiffs wish to dismiss MDMH and Schafer as defendants, they may remove them from the amended complaint they file in accordance with this Order.  However, if the plaintiffs wish to bring claims against the MDMH and Schafer, they must set forth specific factual allegations against MDMH and Schafer and make clear what claims are being brought against those defendants.  Additionally, they must file a separate response showing cause why this action should not be dismissed without prejudice as to MDMH and Schafer for lack of timely service.  *See* Rule 4(m), Fed. R. Civ. P.

Accordingly,

**IT IS HEREBY ORDERED** that the motions to dismiss party by defendants Stoddard County Sheriff's Department and Stoddard County Commission [#16] and defendant Bloomfield Police Department [#24] are granted because they are not suable entities.

**IT IS FURTHER ORDERED** that:

Defendant Missouri State Police's motion to dismiss [#21] is denied.

Defendants' motion for more definite statement [#14] is granted to the following extent: no later than **July 18, 2013**, plaintiffs shall file a second amended complaint that complies with the Federal Rules of Civil Procedure, especially

– 14 –

Rules 8 and 10, and this Memorandum and Order.  The second amended complaint shall not include any of the claims that have been dismissed by this Order.

Defendants' motion to dismiss action of plaintiffs Gerald and Barbara Theisen [#18] is denied without prejudice for the reasons stated herein.

If plaintiffs wish to bring claims against defendants Missouri Department of Mental Health and Keith Schafer, plaintiffs shall show cause in writing why MDMH and Schafer should not be dismissed for lack of timely service.  In the amended complaint, plaintiffs shall also set forth specific factual allegations against MDMH and Schafer and make clear what claims are being brought against those defendants.

**IT IS FINALLY ORDERED** that plaintiffs' motion to amend their complaint [#26] is denied without prejudice.  As set out above, to be appointed as next friends, plaintiffs must file a motion for appointment of next friend, accompanied by supporting affidavits and any other appropriate evidence.  As long as the motion for appointment of next friend is accompanied by proper support, the Theisens may change the Parents' designation to "next friends" on the new amended complaint.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of June, 2013.

– 15 –