UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW THEISEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13CV32 CDP |
| | ) | |
| STODDARD COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND OPINION**

Plaintiffs Matthew and Michael Theisen were arrested in June 2011 and held in Stoddard County, Missouri on felony charges. In May 2012 they were deemed "mentally unfit to proceed" to trial by the Circuit Court of Stoddard County and transferred to the care of the Missouri Department of Mental Health. Plaintiffs are currently confined at the Fulton State Hospital in Fulton, Missouri. They have sued various Missouri state and county departments and officials alleging claims under 42 U.S.C. § 1983 and state tort law relating to their arrest, attacks suffered subsequent to their arrest, and their confinement. Before me now are a motion to dismiss filed by defendants Missouri Department of Mental Health (MDMH) and Keith Schafer and a motion for leave to file a sur-reply filed by plaintiffs. Also before me are two motions filed by defendant Missouri State Highway Patrol

(MSHP)—namely, a motion to dismiss and a motion withdrawing the motion to dismiss.

Because I find that MDMH is entitled to Eleventh Amendment immunity from plaintiffs' claims and the plaintiffs' claims against Schafer are based solely upon the doctrine of *respondeat superior*, I will grant MDMH and Schafer's motion to dismiss and deny plaintiffs' motion to file a sur-reply as moot. I will also grant MSHP's motion to withdraw its motion to dismiss and, accordingly, deny its motion to dismiss as moot.

**I.     Motion to Dismiss Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

Rule 8(a)(2), Fed. R. Civ. P., provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true,

to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Neitzke*, 490 U.S. at 327.

**II.   Background**

MDMH and Shafer initially filed their motion to dismiss plaintiff's claims on June 19, 2014. When plaintiffs failed to timely file a memorandum in opposition to the motion, I issued an order on July 1, 2014, for plaintiffs to show cause why defendants' motion should not be granted. Plaintiffs subsequently filed an opposition and defendants filed a reply in support of their motion.

As noted by my July 1, 2014 order, the only claim plaintiffs have made specifically against MDMH and Schafer is found in Count I of the Complaint. There, plaintiffs claim damages under Section 1983 for injuries incurred when defendants denied plaintiffs the right to an attorney as guaranteed by the Sixth Amendment of the United States Constitution.

In support of this claim, plaintiffs allege, in paragraph 41 of their complaint, that Denise Thomas of MDMH made a threatening phone call to plaintiffs' attorney. Thomas purportedly informed the attorney that he should direct all contact regarding the plaintiffs to her at the MDMH Law Department instead of the Fulton State Hospital. Paragraph 41 asserts that Thomas's actions "hindered open

access to counsel." In support of Count I, the complaint alleges no conduct specifically undertaken by Schafer, individually or as the director of MDMH. In fact, other than paragraph 41, the complaint wholly omits specific allegations of conduct by Schafer or any MDMH employee.

Plaintiffs have failed to state a claim against both MDMH and Shafer, and I will address the reason for dismissal of claims against each defendant separately, below.

### III. Missouri Department of Mental Health's Eleventh Amendment Immunity

Generally, in the absence of consent, a suit in federal court "in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 (1984); *see also Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997) (it is "well settled" that the Eleventh Amendment bars a plaintiff's Section 1983 claims against a state or state agency). "This bar exists whether the relief sought is legal or equitable." *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Section 1983 does not abrogate the Eleventh Amendment immunity of states and their agencies. *See Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). However, a state may waive its immunity by voluntarily invoking federal jurisdiction or by making a "clear declaration that it intends to submit itself to the jurisdiction of the federal courts." *McKlintic v. 36th Judicial Circuit Court*, 508

- 4 -

F.3d 875, 877 (8th Cir. 2007) (internal quotations omitted); *see also Quinnett v. Iowa*, 644 F.3d 630, 632 (8th Cir. 2011).

There is no dispute that MDMH is an agency of the state of Missouri and is protected by the state's Eleventh Amendment immunity. *See* Plaintiffs' Corrected Second Amended Complaint at ¶ 11; *see also Meiner v. State of Missouri*, 673 F.2d 969, 980-81 (8th Cir. 1982) (the Missouri Department of Mental Health shares the state's Eleventh Amendment shield). However, in their opposition, plaintiffs assert that under Mo. Rev. Stat. § 537.600 the State (and therefore MDMH) has expressly waived its sovereign immunity in this instance. Mo. Rev. Stat. § 537.600.1(2) provides an express waiver of sovereign immunity from liability for compensatory damages for negligent acts or omissions where a plaintiff is injured because of the dangerous condition of public property. Plaintiffs argue that because the Fulton State Hospital is in a "deplorable, dilapidated and dangerous condition" their safety "is in jeopardy daily" and MDMH's immunity as to their claims is therefore waived.

The 8th Circuit has clearly held that Missouri's "narrow waiver of immunity" in § 537.600 does not include claims brought under 42 U.S.C. § 1983. *Barnes v. State of Mo.*, 960 F.2d 63, 65 (8th Cir. 1992); *see also Williams v. State of Mo.*, 973 F.2d 599, 600 (8th Cir. 1992) (Missouri's "immunity statute" did not waive immunity for plaintiff's Section 1983 claim against the State). Therefore, in the

absence of any other evidence that the State's sovereign immunity has been abrogated or waived in this instance, the plaintiffs' claims against MDMH are barred by the Eleventh Amendment.

**IV.    Claims against Schafer and the Doctrine of *Respondeat Superior***

Although Plaintiffs argue that they have asserted claims against Schafer in both his official and individual capacities, the complaint contains no allegations of any conduct specifically involving Schafer. The absence of such allegations leads to the conclusion that plaintiffs are asserting Schafer should be held liable as MDMH's director for the conduct of Denise Thomas under the doctrine of *respondeat superior*. *See Cotton v. Hutto*, 577 F.2d 453, 455 (8th Cir. 1978). However, because *respondeat superior* is inapplicable to causes of action brought under Section 1983, Plaintiffs' claims against Schafer must fail. *Cotton*, 577 F.2d at 455 (8th Cir. 1978); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights.") and *Wilson v. Northcutt*, 441 F.3d 586, 592 (8th Cir. 2006) (mayor could not be held liable in § 1983 action for Street Department failures he had no knowledge of).

In *Cotton v. Hutto*, plaintiff alleged Section 1983 claims against prison warden Hutto after plaintiff was wrongfully subjected to a disciplinary action. 577 F.2d at 455. The 8th Circuit found that plaintiff's pleading failed to state a claim

for relief against the warden because the disciplinary action had been instituted by a prison guard, and the warden was not alleged to have had any knowledge of, or connection with, the incident. *Id*. The Court found that in the absence of specific allegations against the warden, any attempt to claim damages against him would have to be predicated on a *respondeat superior* theory, which is not available in Section 1983 claims. *Id*.

Similarly, here, plaintiffs aver in their complaint that it was Thomas who made the phone call that allegedly resulted in a violation of plaintiffs' Sixth Amendment right to counsel. Plaintiffs' complaint does not allege that Schafer had any knowledge of or connection with Thomas's actions. In the absence of specific allegations against him, the plaintiffs' claims must be predicated on a theory of *respondeat superior*.[1] Because the doctrine of *respondeat superior* is not available in claims brought under Section 1983, the plaintiffs' have failed to state a proper claim against Schafer.

## V.  Count IV of the Complaint

Although Count I is the only count specifically naming MDMH and Schafer, Count IV of the Corrected Second Amended Complaint asserts a claim for relief

---

[1] This is not a case where plaintiffs are complaining of a constitutional violation that is the result of administrative policies under Schafer's control and for which Schafer might be held liable. *Compare Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983) (plaintiffs § 1983 claim against the department of corrections director was proper where plaintiffs complained about policy decisions made by those in charge of the prison and not about isolated instances of alleged mistreatment) *with Cotton*, 577 F.2d at 455.

against "all Defendants" for violation of plaintiffs' Fourteenth Amendment substantive due process rights. Like Count I, Count IV is a Section 1983 claim, and to the extent it is made against MDMH and Schafer, it should be dismissed for the reasons discussed above.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss filed by Missouri Department of Mental Health and Keith Schafer [#98] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to file a sur-reply memorandum [#106] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that defendant Missouri State Highway Patrol's motion to withdraw its motion to dismiss plaintiff's amended complaint [#80] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Missouri State Highway Patrol's motion to dismiss [#76] is **DENIED** as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of July, 2014.