UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MATTHEW THEISEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:13CV32 CDP |
| ) | |
| STODDARD COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

Pending before me is defendant Missouri State Highway Patrol's[1] motion for judgment on the pleadings. Plaintiffs Matthew and Michael Theisen have brought 14 claims against MSHP. All of the claims are barred by sovereign immunity. Nine of the plaintiffs' claims are brought under 42 U.S.C. § 1983. Even if MSHP were not immune from these claims, they would fail because the Theisens do not allege any facts establishing a causal link between MSHP and the alleged deprivations of their constitutional rights. For these reasons, I will grant MSHP's motion.

In my order dated June 27, 2013, I recounted the facts as alleged by the Theisens, and I will not repeat them in detail here. The Theisens allege generally that in June 2011, they were arrested, charged with first-degree property damage,

---

[1] Plaintiffs sued "Missouri State Police," but the defendant's correct name is "Missouri State Highway Patrol." (*See* Doc. 6, Waiver of Service.) The correct name will be substituted.

and questioned, then transported to Stoddard County Jail. There they endured brutal physical and sexual assault for several hours. The Theisens were then charged with additional crimes and held without a hearing for almost a year. They were eventually adjudicated as mentally incompetent and confined to Fulton State Hospital, where they remain.

As I stated in my earlier order, all of the claims against MSHP are based on the presence of an "unidentified Missouri State Trooper in a blue-gray uniform with a round drill sergeant type hat." (Corrected Second Am. Compl., ¶ 34.) This Trooper allegedly witnessed the June 2011 attacks, deliberately refused to take action, and denied the plaintiffs medical treatment. There are no additional facts concerning this Trooper or MSHP. (*See generally id.*)

I. **The plaintiffs' Section 1983 claims are barred by sovereign immunity**

The Theisens have brought the following claims against MSHP pursuant to Section 1983:[2]

    Count I:              Denial of Right to an Attorney
    Count II:             Infliction of Cruel and Unusual Punishment

---

[2] Plaintiffs do not specifically mention Section 1983 in the recitation of Counts III, IV, V, VI, XIV, and XV, but it is the vehicle for asserting these constitutional violations. *See, e.g., Martinez v. California*, 444 U.S. 277, 285 (1980) (duty to protect); *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 854 (1998) (substantive due process); *McMillian v. Johnson*, 88 F.3d 1554, 1566 (11th Cir. 1996) (pretrial punishment); *Chambers v. Pennycook*, 641 F.3d 898, 901 (8th Cir. 2011) (excessive force); *Smith v. Mo. Dep't of Corrs.*, 207 Fed. Appx. 736, 736 (8th Cir. 2006) (adequate medical care); *Dyer-El v. Torrence*, No. 4:10CV2331 AGF, 2011 WL 743312, at *1 (E.D. Mo. Feb. 23, 2011) (speedy trial). Plaintiffs do not take issue with MSHP's characterization of these claims as Section 1983-based claims.

| | |
|---|---|
| Count III: | Breach of Duty to Protect |
| Count IV: | Violation of Substantive Due Process Rights |
| Count V: | Plaintiffs' Confinement and Assaults Against Them Constituted a Pre-Trial Punishment That Violates the Due Process Clause |
| Count VI: | Defendants' Assaults Against Plaintiffs Violated Their Right Not To Be Subjected to Excessive Force |
| Count XIV: | Failure to Provide Adequate Medical Care |
| Count XV: | Violation of Plaintiffs' Right to a Speedy Trial |
| Count XVII: | Abuse of Process[3] |

MSHP argues that it is immune to the Theisens' Section 1983 claims under the Eleventh Amendment. Generally, in the absence of consent, the Eleventh Amendment prohibits suits in federal court against a state or one of its departments or agencies, no matter whether the relief sought is legal or equitable. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 (1984); *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *see also Alden v. Maine*, 527 U.S. 706, 713 (1999) ("Eleventh Amendment immunity" is a "convenient shorthand" for state sovereign immunity, which existed before ratification of the Constitution). There is no dispute that MSHP is an agency of the state of Missouri and is therefore shielded by Missouri's sovereign immunity. *See* Corrected Second Am. Compl. ¶ 10; *see also, e.g., Leith v. State of Mo. Highway Patrol*, No. 05CV4399 FJG, 2007 WL 869508, at *2 (W.D. Mo. Mar. 20, 2007); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 60 (1989).

---

[3] Plaintiffs bring this claim "under Missouri state law or 42 U.S.C. § 1983." (Corrected Second Am. Compl. ¶ 74.)

Section 1983 itself does not abrogate state sovereign immunity. *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). But the plaintiffs argue that, in this case, the state (and therefore MSHP) has waived its immunity via statute. *See* Mo. Rev. Stat. § 537.600. A state may waive its immunity by voluntarily invoking federal jurisdiction or by making a "clear declaration that it intends to submit itself to the jurisdiction of the federal courts." *McKlintic v. 36th Judicial Circuit Court*, 508 F.3d 875, 877 (8th Cir. 2007) (internal quotations omitted); *see also Quinnett v. Iowa*, 644 F.3d 630, 632 (8th Cir. 2011).

Mo. Rev. Stat. § 537.600.1(2), the provision at issue here, provides an express waiver of sovereign immunity from liability for compensatory damages for negligent acts or omissions where a plaintiff is injured because of the dangerous condition of a public property. The Theisens argue that the assaults they endured at the Stoddard County Jail – and the Trooper's tacit endorsement of those assaults – constitute a dangerous condition that invokes this abrogation of MSHP's sovereign immunity.

I disagree. The Trooper's inaction might have been dangerous, but it was not a feature of public property. The statute does not provide for a waiver when a plaintiff's injuries are caused by a dangerous condition *on* public property, as the plaintiffs assert, but when injuries are caused by the condition *of* public property. Classifying the Trooper's inaction as such would stretch the meaning of "property"

– 4 –

well beyond its plain meaning. *See United States v. I.L.*, 614 F.3d 817, 820 (8th Cir. 2010) (courts analyzing statutory language assume "the ordinary meaning of that language accurately expresses the legislative purpose"); *see also Delmain v. Meramec Valley R-III Sch. Dist.*, 671 S.W.2d 415, 417 (Mo. Ct. App. 1984) (defining "property" as used in Section 537.600 as including "real and personal property"); *Rodgers v. City of N. Kansas City*, 340 S.W.3d 154, 158 (Mo. Ct. App. 2011) (nurse's sexual assault of patient was not "dangerous condition" within meaning of Section 537.600; language includes only "physical defects in, upon and/or attending to property of the public entity") (internal quotation marks omitted).

Indeed, the Eighth Circuit has repeatedly held that Missouri's "narrow waiver of its immunity" in Section 537.600 does not include claims brought under 42 U.S.C. § 1983. *Barnes v. State of Mo.*, 960 F.2d 63, 65 (8th Cir. 1992); *see also Williams v. State of Mo.*, 973 F.2d 599, 600 (8th Cir. 1992). The Theisens have not identified any other "clear declaration" by MSHP "that it intends to submit itself to the jurisdiction of the federal courts." *McKlintic*, 508 F.3d at 877. As such, its Section 1983 claims are barred.

Even if they were not, the claims would still fail. As I noted in my June 2013 order, the Theisens:

> have alleged that MSHP is liable for the acts of the Trooper through the doctrine of *respondeat superior*. . . . [T]he Theisens are advised that the doctrine of *respondeat superior* is inapplicable to causes of action brought under Section 1983. *Cotton v. Hutto*, 577 F.2d 453, 455 (8th Cir. 1978); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights.").

(Doc. 42, p. 13.) Though the Theisens have removed the words "respondeat superior" from their amended complaint (as to MSHP), they have not asserted any additional facts that would demonstrate MSHP's direct responsibility for the Trooper's alleged inaction. The Theisens argue that they are entitled to discovery on these claims so that they can prove, among other things, that "there existed a conspiracy of silence or inaction on the part of law enforcement, specifically with respect to MSHP." But in order to get to the discovery stage, a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Theisens have not done that here with respect to MSHP.

## II.    **The plaintiffs' state law claims are barred by sovereign immunity**

In addition to their Section 1983 claims, the Theisens have brought the following state tort claims against MSHP:

| | |
|---|---|
| Count IX: | Battery |
| Count X: | Intentional Infliction of Emotional Distress |
| Count XI: | Negligent Infliction of Emotional Distress |
| Count XII: | Negligence |
| Count XVI: | Defamation |

Count XVII:    Abuse of Process[4]

As a complement to its Eleventh Amendment immunity from suit in federal court, the state of Missouri has adopted a statute immunizing it from common law tort claims. *See* Mo. Rev. Stat. § 537.600; *see also Winston v. Reorg. Sch. Dist. R-2, Lawrence Cnty.*, 636 S.W.2d 324, 328 (Mo. banc 1982) ("within constitutional limits, a sovereign may prescribe the terms and conditions under which it may be sued"). The statute protects MSHP from suit for both negligent and intentional torts, including those brought here. *See Mitchell v. Village of Edmundson*, 891 S.W.3d 848, 850 (Mo. Ct. App. 1995) ("Intentional torts have consistently been found to fall within the shield of sovereign immunity."); *Noah v. Saint Louis Cnty., Mo.*, 4:06CV591 CDP, 2007 WL 1018671, at *2 (E.D. Mo. Mar. 29, 2007) (Section 537.600 immunity barred suit for assault and battery); *Duncan v. Creve Coeur Fire Protection Dist.*, 802 S.W.2d 205, 207 (Mo. Ct. App. 1991) (same for intentional infliction of emotional distress); *O.S. v. Kansas City Public Schools*, No. 13CV261, 2013 WL 5636664, at *3 (W.D. Mo. Oct. 16, 2013) (same for negligence claims, including negligent infliction of emotional distress); *Gifford v. Poplar Bluff R-1 School Dist.*, No. 1:12CV183 SNLJ, 2013 WL 6241986, at *2

---

[4] *See infra*, n.3.

(E.D. Mo. Dec. 3, 2013) (same for defamation); *Jones v. Slay*, No. 4:12CV2109, 2013 WL 5954411, at *3 (E.D. Mo. Nov. 7, 2013) (same for abuse of process).

The Theisens argue that the dangerous condition exception, codified at Mo. Rev. Stat. § 537.600.1(2), applies to its tort claims. But again, they have alleged that people, not physical defects or deficiencies, caused their injuries. Therefore, that waiver of immunity is not applicable. *See Winston*, 636 S.W.2d at 328 ("the decision to waive immunity, and to what extent it is waived, lies within the legislature's purview"); *see also Halderman*, 465 U.S. at 99 n.9 (a state's "waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts").

To the extent that the Theisens contend they need discovery to determine whether the immunity waiver codified in Section 537.600 applies, they are mistaken. They cite several Missouri state court cases for the proposition that the application of Section 537.600 is a question of fact. In those cases, however, the plaintiffs had all pled that there was a dangerous condition *of* public property. *See Williams v. Mo. Hwy. & Transp. Com'n*, 16 S.W. 3d 605, 608, 610 (Mo. Ct. App. 2000) (broken traffic signals); *Hensley v. Jackson Cnty.*, 227 S.W.3d 491, 494 (Mo. banc 2007) (stop sign knocked down); *Mo. United Sch. Ins. Council v. Hunt*,

– 8 –

4:13CV653 SWH (W.D. Mo. filed July 1, 2013) (blind intersection) (*see* Doc. 1-1). That assertion is lacking here.[5]

The Theisens also argue that MSHP already moved for dismissal once without asserting sovereign immunity, and therefore waived its right to seek a judgment on the pleadings on this basis. This assertion is unfounded. Only certain defenses are barred if not raised at the first opportunity, and sovereign immunity is not one of them. *See* Rules 12(b) and 12(c), Fed. R. Civ. P; *see also Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1044 (8th Cir. 2000) (sovereign immunity "is a jurisdictional prerequisite which may be asserted at any stage of the proceedings").

Accordingly, for the reasons stated above,

**IT IS HEREBY ORDERED** that defendant Missouri State Highway Patrol's motion for judgment on the pleadings [#82] is granted.

This matter will be set for a Rule 16 Conference by separate order.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of August, 2014.

---

[5] Other typical questions of fact in tort immunity cases – such as whether a defendant maintained a tort liability insurance policy – do not apply. Defendant MSHP is an arm of the state, not a municipality, and as such is entitled to "[f]ull common law sovereign immunity." *Southers v. City of Farmington*, 263 S.W.2d 603, 609 (Mo. banc 2008) (citing *State ex rel. Trimble v. Ryan*, 745 S.W.2d 672, 673–74 (Mo. banc 1988)); *see also* Mo. Rev. Stat. § 537.610.