UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW THEISEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13CV32 CDP |
| | ) | |
| STODDARD COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

The Court held a telephone hearing with counsel on July 15, 2015, to discuss defendants' motion to compel and plaintiffs' request to again extend the schedule in this case. After the hearing, plaintiffs' counsel filed a motion for leave to file a sur-reply, which I will grant.[1] Some of the matters set out in the sur-reply, however, contradict some of the things plaintiffs' counsel stated on the telephone.[2] To the extent that plaintiffs may be back-tracking on what they agreed to at the hearing, I will not allow that. I hope this order helps clarify any confusion plaintiffs' counsel may have about the Federal Rules of Civil Procedure, but

---

[1] Plaintiffs' motion for leave attaches their proposed sur-reply, but it also asks for an additional seven days to file a sur-reply. I do not know if this is a mistake or if they really want to file something additional in seven days. In any event, I am granting leave to file the proposed sur-reply that was attached; I am not granting leave to file any additional response to the motion to compel.

[2] Because of a bad telephone connection, one of plaintiffs' lawyers was not able to fully participate.

counsel are again reminded that they are obligated to follow those rules and the Local Rules of this Court.

Motion to Compel

Plaintiffs must supplement their answers to interrogatories 8 and 11. At the hearing plaintiffs' counsel indicated they understood this and would do so, but the sur-reply the filed after the hearing says they have already answered those questions to the best of their ability.

Interrogatory 8 asks for the damages plaintiffs seek in this lawsuit. They have provided, in response to interrogatory 14, the amount of lost wages they claim, but they have not provided any quantification of any other damages. They say they do expect to ask the jury for additional damages at trial, and so they must supplement their answer to this interrogatory. This information was also required by Rule 26(a)(1)(A)(iii), Fed. R. Civ. P., and the deadline for providing those disclosures passed last year.

Interrogatories 10 and 11 seek specific information about what each of the defendants is alleged to have done to violate the plaintiffs' constitutional rights. Plaintiffs' Corrected Second Amended Complaint names Stoddard County and six of its employees as defendants[3] in seventeen counts. Although there is a section

---

[3] It also names unspecified John and Jane Does, but because those defendants have not been identified and they have not been served within the 120 days allowed by Rule 4(m), plaintiffs will be ordered to show cause why those defendants should not be dismissed without prejudice.

entitled "Background" that provides factual detail, each count purports to be brought against all of the defendants. Eight of the counts say they are brought under 42 U.S.C. § 1983, and the others are Missouri common-law claims.

Interrogatories 10 and 11 are specifically directed to the § 1983 claims that defendants violated plaintiffs' constitutional rights. I will not require plaintiffs to supplement their answer as to Stoddard County in Interrogatory 10. I will, however, require them to provide some supplementation to the answer for Interrogatory 11. The Corrected Second Amended Complaint does not allege that defendant Mathis did anything to plaintiffs, and the answer they previously provided to Interrogatory 11 also did not say anything about this defendant, so it is entirely reasonable to require them to answer Interrogatory 11 fully as to defendant Mathis. Plaintiffs have alleged in the complaint specific actions they say defendants Gully, Hefner, Horton, Caldwell and Haynes took that appear to support the claims of Counts I, II, III, IV, V, and VI, and so those allegations, taken together with the answer to Interrogatory 11 previously provided, are sufficient as to those counts against those defendants. Counts XIV and XV, however, assert constitutional violations, yet there is no information about anything these defendants did that could constitute the violations alleged in those counts. Plaintiffs must therefore supplement their answers to interrogatories as to

defendants Gully, Hefner, Horton, Caldwell and Haynes with regard to the claims of constitutional violations set out in Counts XIV and XV.

In the sur-reply filed after the hearing plaintiffs' counsel stated that they had produced to the defense whatever documents they have in their possession or the possession of their counsel. Yet when I questioned plaintiffs' counsel during the hearing about whether they really only had three pieces of paper (which is what defendants say was produced), they indicated that they had withheld documents that were privileged, and that they also had withheld documents that were otherwise available to the defendants – such as the state court orders or findings and evaluations provided by court-appointed examiners. They indicated that they were refusing to provide documents that they believed defendants could obtain from other sources. As I explained in the hearing, this is a violation of the rules, and plaintiffs must turn over all non-privileged documents relevant to their claims that are in the possession of them or their counsel. They were required to do so last year as part of their Rule 26(a)(a)(A) disclosures, and they are required to do so in response to the documents requests. If privileged documents are being withheld, plaintiffs must provide the privilege log required by Rule 26(b)(5)(A), Fed. R. Civ. P.

Document requests 15, 16, 17, 26 and 27 ask plaintiffs to execute authorizations and releases so defense counsel may seek to obtain third-party

documents themselves.  Plaintiffs have refused to provide these authorizations without an order requiring them to do so.  They claim that they cannot sign the documents because a Missouri court has determined that they are incompetent.  Their counsel have repeatedly stated, however, that they do not believe plaintiffs are incompetent.  Plaintiffs' argument for why they were able to answer interrogatories under oath but cannot sign releases is without merit.  I will order them to provide the releases requested.

Amendment to Case Management Order

Plaintiffs filed a motion for a "Continuance of Plaintiffs' Request for Physical and/or Mental Examination Deadlines."  As discussed at the hearing, the deadline for requesting physical or mental examinations of parties under Rule 35 does not apply to a plaintiff's desire to have himself examined.  Rule 35 is a discovery rule, and applies when one party wants to have the opposing party examined.  I am therefore interpreting plaintiffs' motion as a request for additional time to provide the reports of their medical or psychological expert witnesses.  As discussed at the hearing, I will grant the request, but it will require moving many other Case Management deadlines, as plaintiffs' delay in obtaining an expert means that defendants cannot move forward with their own experts.  Additionally, because of the difficulties encountered in prosecuting this case, I no longer believe that a referral to Alternative Dispute Resolution is appropriate, so I will vacate the

referral to ADR.  If the parties wish to mediate on their own, of course, they are free to do so without an order from me.  If at some point they believe an Order referring the case to mediation would be helpful, they may file a motion for the same.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to compel [#122] is granted to the following extent:  Plaintiffs must supplement their answers to interrogatory 8; plaintiffs must supplement their answers to interrogatory 11 in its entirety as to defendant Mathis; plaintiffs must supplement their answers to interrogatory 11(a) as to defendants Gully, Hefner, Horton, Caldwell and Haynes with regard to the claims of constitutional violations set out in Counts XIV and XV; plaintiffs must produce all non-privileged documents in their possession or the possession of their counsel that support their claims as required by Rule 26(a)(1)(A)(ii), Fed. R. Civ. P. and Local Rule 26-3.01(A); plaintiffs must produce all non-privileged documents in their possession or the possession of their counsel that are responsive to document requests 9, 14, 21, 25, and 28; plaintiffs must provide all authorizations requested by document requests 15, 16, 17, 26 and 27; if any documents are withheld as privileged plaintiffs must provide the privilege log required by Rule 26(b)(5)(A), Fed. R. Civ. P.  Plaintiffs must produce all discovery

ordered here no later than **August 5, 2015.** The motion is denied in all other respects.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave to file Sur-Reply [#130] is granted to the extent that the proposed Sur-Reply attached to the motion is deemed filed.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Continuance of deadlines [# 124] is granted in part, and an amended Case Management Order is entered separately.

**IT IS FURTHER ORDERED** that the Order Referring Case to Alternative Dispute Resolution [# 115] is VACATED.

**IT IS FURTHER ORDERED** that, pursuant to Rule 4(m), Fed. R. Civ. P., plaintiffs shall show cause in writing and no later than **July 30, 2015**, why their claims against all John and Jane Doe defendants should not be dismissed without prejudice for lack of timely service

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of July, 2015.