UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MATTHEW THEISEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:13 CV 32 CDP |
| ) | |
| STODDARD COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter has been pending before the court for four years, and it has a complicated procedural history. It is set for trial on May 15, 2017. Plaintiffs now seek leave to amend their complaint in order to clearly state whether individually-named defendants are being sued in their official capacity, individual capacity, or both. Plaintiffs filed their motion for leave to amend only after defendants filed motions for summary judgment and judgment on the pleadings, almost two years after the deadline for amending pleadings set by the Case Management Order. Plaintiffs' proposed Third Amended Complaint actually makes additional significant changes as well.

I will deny the motion for leave to amend. However, my review of the history and pleadings in this case causes me to conclude that plaintiffs have, in fact, brought the claims against the individual defendants in their individual capacities. In the interests of justice, I will grant plaintiffs' counsel a short

additional extension of time to respond to the pending motions, and I will set this case for a telephonic oral argument on the motions for judgment on the pleadings and summary judgment.

**Discussion**

This case is brought under 42 U.S.C. § 1983 and Missouri common law, alleging violations of twin brother plaintiffs' constitutional rights arising from their detention and alleged assault at the Stoddard County Jail in June 2011. The plaintiff brothers were absent without leave from the United States Army when they were arrested for damaging a parked car with a shopping cart in Stoddard County, Missouri. Plaintiffs allege that once they arrived at the Stoddard County Jail they were beaten and one of them was raped by a jailer and others. Plaintiffs allege that they were held without a hearing at the Stoddard County Jail for almost a year, until May 2012, when they were found to be incompetent to proceed in the criminal case brought against them. They were transferred to the custody of the Missouri Department of Mental Health and confined to Fulton State Hospital, where they remain today.

The claims currently pending from the Corrected Second Amended Complaint name seven defendants in seventeen counts, including claims for violations of plaintiffs' constitutional rights to an attorney, to be free from cruel and unusual punishment, for procedural and substantive due process, and for

denial of medical care and use of excessive force, among others. The proposed Third Amended Complaint, in contrast, has only seven counts and names only three defendants: Stoddard County, Carl Hefner and Larry Gulley.

Plaintiffs filed this case in February 2013 through an attorney who died six months later in an accident. After I stayed the case for plaintiffs to obtain new counsel, a lawyer hired by plaintiffs' father entered an appearance in October of 2013, but he was discharged by plaintiffs shortly thereafter. In January 2014 two different new counsel entered an appearance and asked for more time to amend the complaint. Those new lawyers filed a Second Amended Complaint and then a Corrected Second Amended Complaint in April of 2014. They participated in a Rule 16 scheduling conference, and I entered a Case Management Order on September 30, 2014, that, among other things, established a deadline for amending pleadings of March 2, 2015.

During this time plaintiffs continued to make various *pro se* filings, even though they remained confined and even at times when they were represented by counsel. In March 2016, the court was informed that plaintiffs had stopped communicating with their then lawyers. After I ordered plaintiffs to show cause why their counsel's motion to withdraw should not be granted, current counsel entered his appearance in April of 2016. After current counsel entered, yet

another amended scheduling order was issued, but counsel did not request a change in the deadline for amending pleadings.

On February 3, 2017, defendants filed the currently-pending motions for judgment on the pleadings and for summary judgment. On February 24 plaintiffs' counsel requested an extension of time, until February 28, to respond to the pending motions, and I granted that request. Nothing was filed on February 28. Instead, on March 1, plaintiff filed the motion to amend. Defendants oppose the granting of leave to amend.

One of the grounds raised in the defendants' motions for judgment is that plaintiffs' Corrected Second Amended Complaint, which is the currently operative complaint, does not clearly state that it is brought against defendants in their individual capacities. Plaintiffs' motion to amend seeks to correct any deficiency in that regard, and, although the motion fails to discuss them, the proposed Third Amended Complaint makes other substantive changes.

The original Complaint filed in this case, and the First Amended Complaint, explicitly alleged, in the captions, that the claims were being brought against the individual defendants both individually and in their official capacities. Both the Second Amended Complaint and the Corrected Second Amended Complaint did not list all the defendants in the caption, but only listed "STODDARD COUNTY, *et al.*," as the defendants. In the bodies of the various

complaints, the defendants are identified but there is no reference to whether they are being sued in their individual or official capacity or both.

The general rule is that where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, we interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). But in this case Plaintiffs made it very clear in both their initial Complaint and in their First Amended Complaint that the case was being brought against the individual defendants in both their individual and official capacities. The use of the short form "*et al.*" in the Second Amended and Corrected Second Amended Complaints did not change the nature of the suit. The plaintiffs' story about what they say happened to them has remained essentially the same and their allegations against the individual defendants have remained essentially the same. There is no unfairness to defendants, as they have known for years what the allegations were, and the nature of these allegations and the nature of the relief sought are entirely consistent with individual-capacity § 1983 claims. Thus, I conclude that plaintiffs' Corrected Second Amended Complaint adequately alleges claims against the individual defendants in both their individual and their official capacites.

I will not, however, allow plaintiffs to file yet another amended complaint. The deadlines for doing so passed long ago, they have already amended multiple times, and they have made no attempt to show good cause for such a late amendment.

Because plaintiffs' proposed third amended complaint names fewer defendants in fewer counts, however, I wonder if plaintiffs wish to abandon some of their claims against some of the defendants. If they wish to dismiss any defendants or any claims with prejudice, they may file a motion seeking leave to do so under Rule 41(a)(2), by the deadline set below. Doing so would certainly simplify the issues in the case. Any dismissal *without* prejudice, of course, would have to be by stipulation under Rule 41(a)(1)(A)(ii), as I would not order a dismissal without prejudice at this late date unless it was agreed to by counsel for defendants.

Defendants have requested that I rule on the pending motions for judgment on the pleadings and summary judgment as they are currently briefed, because plaintiffs have failed to file responses within the time limits. Because of the very serious claims brought in this case, and the many difficulties keeping counsel in this case, however, I believe the interests of justice are served by giving plaintiffs' counsel one last chance to respond to the motions, and I will set a schedule for doing so. I will also set telephone oral argument on the motions. If plaintiffs fail

to respond by the new date set below, I will cancel the oral argument and rule the motions on the briefs already filed by defendants.

Finally, plaintiffs' counsel is warned that further non-compliance with the rules will not be tolerated.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to file a third amended complaint [#179] is denied, but the Court concludes that the currently operative complaint includes claims against the defendants in their individual capacities.

**IT IS FURTHER ORDERED** that plaintiffs must file any motion to dismiss claims or defendants with prejudice by **Wednesday, March 22, 2017.**

**IT IS FURTHER ORDERED** that plaintiffs' must file any briefs in opposition to the pending motions for judgment on the pleadings and summary judgment by **Wednesday, March 22, 2017.  No further extensions will be allowed.**  Defendants may file additional reply briefs by **Wednesday, March 29, 2017.**

**IT IS FURTHER ORDERED** that the Court will hold **oral argument** on the **motions for judgment on the pleadings and summary judgment** on **Wednesday, April 5, 2017 at 11:00 a.m.**  This hearing will be on the record **but by telephone.  The Court will place the call.  Each participating lawyer**

**must notify my office of their preferred telephone number with 24 hours in advance of the hearing by calling my chambers at 314-244-7520.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of March, 2017.