UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MATTHEN THEISEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13CV32 CDP |
| | ) | |
| LARRY GULLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

At the final pretrial hearing held on May 9, 2017, I ruled on defendants' motion in limine and on most parts of the plaintiffs' motion in limine. This order deals with the two parts of plaintiffs' motion that I took under advisement: plaintiffs' motion to exclude any evidence of their psychiatric condition and the fact that they have been deemed incompetent to stand trial and are confined in Fulton State Hospital, and plaintiffs' objection to defendant's proposed Exhibit T, a written statement of a deceased witness.

As to defendant's proposed Exhibit T, the written statement of deceased witness Michael Walker, I cannot issue a definitive ruling at this time and will instead defer deciding the admissibility of the document until trial. Defense counsel are instructed not to use the document or mention it in any way to the jury until I have decided whether it can be admitted. At the point in the trial when

defendant believes the document should be used, counsel must ask to discuss this issue outside the hearing of the jury.

With regard to plaintiffs' mental condition, defendants are correct that the Eighth Circuit has held that a witness's mental health is relevant to credibility and may be introduced into evidence to attack credibility. *See Revels v. Vincenz*, 382 F.3d 870, 877 (8th Cir. 2004) *citing United States v. Phibbs,* 999 F.3d 1053, 1069070 (6th Cir. 1993) (approving use of psychiatric records for cross-examination); *Andrews v. Neer,* 253 F.3d 1052, 1062-63 (8th Cir. 2001). Plaintiffs' credibility is an extremely important issue in this case, and defendant is entitled to present evidence and argue to the jury that plaintiffs' mental illness may have affected their ability to testify truthfully. I will deny the motion in limine to the extent it seeks to exclude evidence of plaintiff's incompetency to stand trial, confinement in Fulton State Hospital, and their mental conditions.

Although I am denying the motion in limine, I am concerned that defendant's proffered evidence may go too far. In addition to cross-examining plaintiffs, defendants wish to introduce psychiatric records and deposition testimony from four psychiatrists who have evaluated plaintiffs (two psychiatrists per plaintiff). There are limits to the proper testimony of mental health experts. In *Nichols v. American Nat. Ins. Co.,* 154 F.3d 875, 881-84 (8th Cir. 1998), the Eighth Circuit held that it was improper for an expert witness to testify that the

plaintiff "exhibited poor 'psychiatric credibility' and that her story was unreliable." *Id.* at p. 878.

The determination whether plaintiffs are to be believed is an issue for the jury. The defense experts may certainly testify to their evaluations of plaintiffs, to their diagnoses of schizophrenia and other mental disorders, and to the delusional statements and beliefs that were apparently demonstrated in the evaluations. But it would not be proper for defendants to introduce expert testimony that plaintiffs' trial testimony is not credible or that nothing plaintiffs say could be believed. These may be proper arguments for counsel to make in closing arguments, but that is not the proper role for expert witnesses.

Because plaintiffs did not object to any particular pages and lines of the deposition testimony, I have not reviewed it, and I do not know if it crosses the line into areas that are not proper subjects for expert testimony. I urge both counsel to review the proposed testimony in light of these rulings, and if plaintiff has any particularized objections to particular portions of the depositions, I will consider any such objections at the end of the first day of trial, after the jury has left for the day. Plaintiffs' counsel is cautioned that if no objections are raised at the end of the first day of trial, they will be waived.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion in limine [218] is denied to the extent it seeks to exclude evidence of plaintiffs' mental condition and the fact that they have been found incompetent to stand trial and are confined at Fulton State Hospital, and is denied without prejudice as to Defendant's proposed Exhibit T.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2017.